**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re:<br><br>GRACEWAY PHARMACEUTICALS, LLC, *et al.*,[1]<br><br>Debtors. | Chapter 11<br><br>Case No. 11-13036 (PJW)<br><br>Jointly Administered |
| KIP HORTON,<br>Liquidating Trustee of the Graceway Liquidating Trust<br><br>Plaintiff,<br>v.<br><br>FLETCHER/CSI, LLC,<br>Defendant. | Adv. Proc. No. ______________ |

**COMPLAINT TO AVOID TRANSFERS PURSUANT TO 11 U.S.C. § 547 AND TO RECOVER PROPERTY PURSUANT TO 11 U.S.C. § 550**

Plaintiff Kip Horton, in his capacity as the liquidating trustee (the "Liquidating Trustee" or "Plaintiff") of the Graceway Liquidating Trust (the "Liquidating Trust"), by and through his undersigned counsel, files this complaint (the "Complaint") to avoid and recover, pursuant to 11 U.S.C. §§ 547 and 550, transfers against Fletcher/CSI, LLC ("Defendant") and avers in support thereof, the following:

---

1 The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: Graceway Pharma Holding Corp., a Delaware corporation (9175), Case No. 11-13037 (PJW); Graceway Holdings, LLC, a Delaware limited liability company (2502), Case No. 11-13038 (PJW); Graceway Pharmaceuticals, LLC, a Delaware limited liability company (5385), Case No. 11-13036 (PJW); Chester Valley Holdings, LLC, a Delaware limited liability company (9457), Case No. 11-13039 (PJW); Chester Valley Pharmaceuticals, LLC, a Delaware limited liability company (3713), Case No. 11-13041 (PJW); Graceway Canada Holdings, Inc., a Delaware corporation (6663), Case No. 11-13042 (PJW); and Graceway International, Inc., a Delaware corporation (2399), Case No. 11-13043 (PJW). The mailing address for Graceway Pharmaceuticals, LLC is 340 Martin Luther King Jr. Blvd., Suite 500, Bristol, TN 37620 (Attn: John Bellamy). On October 4, 2011, Graceway Canada Company filed an application in the Ontario Superior Court of Justice (Commercial List) pursuant to the *Courts of Justice Act*, R.S.O. 1990, c. C. 43.

## NATURE OF THE CASE

This Complaint seeks to avoid and recover from Defendant, or from any other person or entity for whose benefit the transfers were made, all preferential transfers of property made by the above-captioned Debtors (collectively, the "Debtors"), for or on account of an antecedent debt and to or for the benefit of Defendant during the ninety-day period prior to the filing of the bankruptcy petitions by the Debtors pursuant to 11 U.S.C. §§ 547 and 550.

## JURISDICTION AND VENUE

1. This is an adversary proceeding brought by Plaintiff: (I) for the avoidance and recovery of preferential transfers pursuant to section 547 of title 11 of the United States Code (the 'Bankruptcy Code"); and (II) to recover such transfers pursuant to section 550 of the Bankruptcy Code.

2. This Court has subject matter jurisdiction over this adversary proceeding, pursuant to 28 U.S.C. §§ 157 and 1334(b) and the *Amended Standing Order of Reference* for the United States District of Delaware, dated February 29, 2012.

3. This adversary proceeding is a core proceeding pursuant to 28 U.S.C. § 157(b)(2) and this Court may enter a final order consistent with these statutes and Article III of the United States Constitution.

4. Venue is proper in the Bankruptcy Court for the District of Delaware (the "Court") pursuant to 28 U.S.C. § 1409.

## BACKGROUND

5. On September 27, 2011 (the "Petition Date") the Debtors each filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code.

6. On April 20, 2012, the Court entered *Findings of Fact, Conclusions of Law and Order Confirming the Debtors' First Amended Joint Plan of Liquidation* [D.I. 722], confirming the Debtors plan of reorganization [D.I. 551] (the "Plan").

7. The Effective Date of the Plan was May 4, 2012 [D.I. 740] and pursuant to the Plan, the Debtors and the Liquidating Trustee executed that certain Liquidating Trust Agreement, dated May 4, 2012 (the "Liquidating Trust Agreement"), which established the Liquidating Trust for the purpose of liquidating the Debtors' assets and distributing the proceeds thereof.

8. Under the Plan and the Liquidating Trust Agreement certain causes of action, including this preference action were transferred to the Liquidating Trust.

9. Under the terms of the Liquidating Trust Agreement, the Liquidating Trustee is, among other things, authorized to investigate, prosecute and compromise causes of action on behalf of the Trust for the benefit of the creditors of the Debtors.

10. On or about August 30, 2012, the Liquidating Trustee, through its counsel, DLA Piper LLP (US), sent a letter to Defendant, demanding repayment of the Transfers and noting that the Transfers were subject to avoidance and turnover pursuant to sections 547 and 550 of the Bankruptcy Code.

11. On or about December 21, 2012, the Liquidating Trustee, through its counsel, DLA Piper LLP (US), sent a second letter to Defendant, referencing the first letter, again demanding repayment of the Transfers and noting that the Transfers were subject to avoidance and turnover pursuant to sections 547 and 550 of the Bankruptcy Code.

12. Defendant has not responded to the Liquidating Trustee's requests for turnover of the Transfers.

## PARTIES

13. Plaintiff is the Trustee of the Liquidating Trust established pursuant to the Plan and the Liquidating Trust Agreement.

14. Upon information and belief, Defendant is a limited liability company with an address at P.O. Box 1061, Williston, VT 05495.

15. Upon information and belief the Defendant transacted business in the United States with one or more of the Debtors and received 2 transfers from one or more of the Debtors.

16. The Defendant is subject to nationwide service of process pursuant to Rule 7004(d) of the Federal Rules of Bankruptcy Procedure.

## CLAIMS FOR RELIEF

### COUNT I: Avoidance of Preferential Transfers Pursuant to 11 U.S.C. § 547

17. The allegations of paragraphs 1-16 are re-alleged and incorporated by reference as if more fully set forth herein.

18. Prior to the Petition Date, the Debtors were engaged in the manufacture, marketing and sale of pharmaceutical products throughout the United States.

19. On or within the 90 day period prior to the Petition Date, that is between June 29, 2011 and September 27, 2011 (the "Preference Period"), one or more of the Debtors made transfers of interests in property to Defendant totaling $33,817.38, as outlined in the chart in paragraph 18 (collectively the "Transfers").

20. The chart below reflects the invoices (the "Inovices") provided to the various Debtors, and the Transfers made to Defendants on account of such Invoices:

| INVOICE | CHECK NUMBER | CLEAR DATE | AMOUNT |
|---|---|---|---|
| 11/04/22115 | CHECK #021454 | 8/31/2011 | $20,315.46 |
| 11/06/22135 | CHECK #021454 | 8/31/2011 | $13,501.92 |
| **TOTAL:** | | | $33,817.38 |

21. The Transfers were made to or for the benefit of Defendant within the meaning of 11 U.S.C. § 547(b)(1), because when the Debtors made the Transfers, the payments satisfied the identified Invoices the defendants issued.

22. The Transfers were made for or on account of an antecedent debt, because the Invoices reflected an obligation for previously rendered services and the Debtors made the Transfers after those obligations were incurred.

23. The Debtors are presumed to be insolvent at all times during the Preference Period as a matter of law under 11 U.S.C. § 547 (b)(4)(A).

24. As a result of the Transfers, Defendant received 100% payment on account of the Invoices and if the Debtors had been liquidated under chapter 7 of the Bankruptcy Code, on that day Defendant would have received less than 100% and so, on account of the Transfers, Defendant received more than it would have received if: (i) the Debtors' cases were liquidated under chapter 7 of the Bankruptcy Code; (ii) the Transfers had not been made; and (iii) Defendant received payment of its debts pursuant to the distribution provisions of the Bankruptcy Code.

25. Therefore, pursuant to 11 U.S.C. § 547(b), the Transfers are avoidable as preferential payments.

26. During the course of this proceeding, Plaintiff may learn (through discovery or otherwise) of additional Transfers made to the Defendant during the Preference Period. It is Plaintiff's intention to avoid and recover all transfers made by one or more of the Debtors of an interest of one or more of the Debtors in property to or for the benefit of Defendant or any other transferee. Plaintiff reserves its right to amend this complaint in order to include: (i) further information regarding the Transfers, (ii) additional Transfers, (iii) modifications and/or revision

to Defendant's name, (iv) additional defendants, and/or (v) additional causes of action (including, but not limited to, claims arising under 11 U.S.C. §§ 542, 544, 545, 548, 549, and 553), that may become known to Plaintiff at any time during this adversary proceeding, through formal discovery or otherwise, and for the Complaint Amendments to relate back to this original Complaint.

**COUNT II: Recovery of Avoided Transfers Pursuant to 11 U.S.C. § 550**

27. The allegations of paragraphs 1-26 are re-alleged and incorporated by reference as if more fully set forth herein.

28. Plaintiff is entitled to avoid the Transfers pursuant to 11 U.S.C. § 547(b).

29. Defendant was the initial transferee of the Transfers, or the immediate or mediate transferee of such initial transferee, or the person for whose benefit the Transfers were made.

30. Therefore, pursuant to 11 U.S.C. § 550(a), Plaintiff is entitled to recover from Defendant the Transfers, plus interest thereon to the date of payment and the costs of this action.

**PRAYER FOR RELIEF:**

WHEREFORE, Plaintiff requests that this Court grant him the following relief against Defendant as to Counts I and II of this Complaint, and that the Court enter a judgment against Defendant:

A. That the Transfers in the amount of no less than $33,817.38 be avoided under 11 U.S.C. § 547;

B. That the Transfers, to the extent they are avoided under § 547 be recovered by Plaintiff pursuant to 11 U.S.C. § 550, together with the interest thereon to the date of payment and the costs of this action;

C. Awarding pre-judgment interest at the maximum legal rate running from the date of each of the Transfers to the date of the judgment herein;

D. Awarding post judgment interest at the maximum legal rate running from the date of judgment herein until the date judgment is paid in full, plus costs;

E. Requiring Defendant to pay forthwith the judgment amount awarded in favor of Plaintiff, and;

F. Granting Plaintiff such other and further relief as the Court deems just and proper.

Dated: September 13, 2013
Wilmington, Delaware

Respectfully submitted,

/s/ Stuart M. Brown

Stuart M. Brown (DE 4050)
Daniel N. Brogan (DE 5723)
DLA PIPER LLP (US)
919 North Market Street, Suite 1500
Wilmington, Delaware 19801
Telephone: (302) 468-5700
Facsimile: (302) 394-2341
Email: stuart.brown@dlapiper.com
daniel.brogan@dlapiper.com

*Counsel for Kip Horton, Liquidating Trustee*